UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.    Case No. 8:17-cv-2747-T-24 CPT

JACK BOONE, ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 71). Defendant Kyla Roberts opposes the motion. (Doc. No. 75). Plaintiff has filed a reply brief. (Doc. No. 78). As explained below, the motion is granted in part and denied in part.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II. Background

On July 8, 2013, Namon Smith and Zachary Roberts were working on a cell tower. Namon Smith was not properly secured to the cell tower and fell and struck Zachary Roberts, which caused Zachary Roberts to fall over 200 feet to the ground below. Zachary Roberts died from his injuries.

### A. The Underlying State Court Action

Zachary Roberts is survived by his wife, Kyla Roberts, and she is the personal representative of the Estate of Zachary Roberts. Defendant Kyla Roberts, as personal representative of the Estate of Zachary Roberts (hereinafter referred to as "the Estate"), filed suit in state court against Defendant Monarch Towers, Inc. ("Monarch"), Defendant Jack Boone (an executive officer and/or director of Monarch), Defendant Broadcast Tower Technologies, Inc. ("Broadcast"), and Defendant Southeast Personnel Leasing, Inc. ("SPL").[1]

In the state court action, the Estate asserted vicarious liability under respondeat superior and negligence claims against Boone, Monarch, Broadcast, and SPL based on the Estate's contention that Namon Smith and Zachary Roberts were the agents or employees of Boone and/or Monarch and/or Broadcast and/or SPL. (Doc. No. 1-1, ¶ 9). Specifically, in the vicarious liability under respondeat superior claims asserted in state court, the Estate alleged that Boone, Monarch, Broadcast, and/or SPL employed Namon Smith, and that Smith negligently failed to use reasonable care which caused him to fall and strike Zachary Roberts. In the negligence

---

[1]The Estate also sued Defendant Capital Safety USA in the state court action. Capital Safety manufactured the protective full-body harness that Zachary Roberts was wearing during the fall. Plaintiff Evanston Insurance Company has dismissed its claims for declaratory relief against Capital Safety in this case. (Doc. No. 13, 14).

claims asserted in state court, the Estate alleged that Boone, Monarch, Broadcast, and SPL acted negligently and that their negligence led to Zachary Roberts' fall and death. The state court action is ongoing.

### B. The Commercial General Liability Policy

Plaintiff Evanston Insurance Company ("Evanston") issued a Commercial General Liability policy ("the Policy") to Monarch that was in place at the time of the accident. Boone and Monarch sought coverage for the claims asserted against them in the state court action, and they requested that Evanston provide them with a defense and indemnification for the claims asserted by the Estate in the state court action.[2] Evanston is providing them with a defense in the state court action, pursuant to a reservation of rights.

The Policy provides the following regarding coverage for bodily injuries:

> [Evanston] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. [Evanston] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [Evanston] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

(Doc. No. 1-1, p. 37).

The Combination General Endorsement provides the following exclusion from coverage:

> This insurance does not apply to liability for "bodily injury" to . . . [a]n "employee" of any insured arising out of and in the course of employment or while performing duties related to the conduct of an

---

[2]Monarch is the named insured, and references in the Policy to "you" refer to Monarch. (Doc. No. 1-1, p. 34, 37). The policy also defines an insured to include Monarch's executive officers and directors, but only with respect to their duties as Monarch's officers or directors. (Doc. No. 1-1, p. 44). As such, Evanston acknowledges that Boone qualifies as a insured under the policy.

> insured's business. . . . [Employee] shall also mean any . . . co-employee, "leased worker", casual worker, "temporary worker" . . . "volunteer worker", or any person . . . loaned to or volunteering services to [Monarch].

(Doc. No. 1-1, p. 63). The Policy defines a "leased worker" as follows:

> "Leased worker" means a person leased to [Monarch] by a labor leasing firm under an agreement between [Monarch] and the labor leasing firm, to perform duties related to the conduct of [Monarch's] business.

(Doc. No. 1-1, p. 48). Evanston contends that Zachary Roberts was, in fact, an employee of Monarch or a leased employee to Monarch (by SPL), and therefore, there is no coverage for his bodily injuries.

Evanston also contends that Broadcast is not an additional insured under the Policy. The Blanket Additional Insured Endorsement provides that an insured includes any organization to which Monarch is "obligated by a valid written contract to provide such coverage." (Doc. No. 1-1, p. 56).

### C. Declaratory Judgment Action

Evanston filed the instant action, in which it asks this Court to declare that: (1) there is no coverage for the claims against Monarch, Boone, and Broadcast; (2) Broadcast is not an additional insured; (3) Evanston has no duty to defend Monarch, Boone, and Broadcast in the underlying state court action; and (4) Evanston has no duty to indemnify Monarch, Boone, and Broadcast for any liability assessed in the underlying state court action.

Boone, Monarch, and Broadcast have not appeared in this case, and default judgment has been entered against them. (Doc. No. 33, 34, 35). Evanston voluntarily dismissed its claims against SPL. (Doc. No. 13, 14). The only remaining defendant in this case is the Estate.

4

### III. Motion for Summary Judgment

In the instant motion, Evanston moves for summary judgment, arguing that there is no coverage under the Policy for the claims asserted by the Estate against Monarch, Boone, and Broadcast. As explained below, Evanston is only entitled to summary judgment with respect to its arguments that Broadcast is not an additional insured and that Evanston does not owe Broadcast a duty to defend or indemnify it.

#### A. Monarch and Boone

Evanston argues that there is no coverage under the Policy for the claims asserted by the Estate against Monarch and Boone. Evanston concedes, however, that both Monarch and Boone are insureds under the Policy. Thus, there are two issues: (1) whether Evanston has a duty to defend them in the state court action; and (2) whether Evanston has a duty to indemnify them for any liability assessed in the state court action. The Court will analyze each issue.

##### 1. Duty to Defend

The Eleventh Circuit has explained that "[u]nder Florida law, 'an insurer's duty to defend is separate and distinct from its duty to indemnify.'" Mid-Continent Cas. Co. v. American Pride Bldg. Co., LLC, 601 F.3d 1143, 1148 (11th Cir. 2010)(citation omitted). The duty to defend is broader than the duty to indemnify. See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & stucco, Inc., 766 Fed. Appx. 768, 771 (11th Cir. 2019).

The Eleventh Circuit has stated the following regarding an insurer's duty to defend:

> In Florida, the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses. The insurer must provide a defense in the

underlying action if the complaint states facts that bring the injury within the policy's coverage. If the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit. The merits of the underlying suit have no bearing on whether the duty is owed. Furthermore, any doubt about the duty to defend must be resolved in favor of the insured.

Trailer Bridge, Inc. v. Illinois Nat. Ins. Co., 657 F.3d 1135, 1141–42 (11th Cir. 2011)(internal citations and quotation marks omitted). Furthermore:

[A]n insurer is obligated to defend a claim even if it is uncertain whether coverage exists under the policy. Under these circumstances, an insurer may reserve its right to challenge coverage under the policy without breaching its duty to defend by providing a defense under a reservation of rights. Such a conditional defense resolves the urgent question of who shall defend and postpones resolution of the contingent question of who shall pay any judgment.

American Pride, 601 F.3d at 1149 (internal citations and quotation marks omitted).

In the underlying state court complaint, the Estate alleges that Monarch and Boone are liable for Zachary Roberts' fall and death because: (1) Monarch and/or Boone employed Namon Smith, who caused Zachary Roberts' fall and death, and therefore, Monarch and/or Boone are vicariously liable; and/or (2) Monarch and/or Boone's negligence caused Zachary Roberts' fall and death, and therefore Monarch and/or Boone are directly liable. If Zachary Roberts was not employed by Monarch and/or Boone, and the Estate specifically alleges that Zachary Roberts may have been employed by SPL and/or Broadcast, then there would be coverage for the Estate's claim against Monarch and Boone.

The Court notes that Evanston has submitted substantial evidence that Zachary Roberts was, in fact, employed by Monarch or was a leased worker of Monarch. Thus, Evanston argues that there can be no coverage for the Estate's claim. However, with regard to the duty of

6

Evanston to defend Monarch and Boone in the state court action, the allegations of the state court complaint control, even if they are actually factually incorrect. See Mt. Hawley Ins. Co. v. Miami River Port Terminal, LLC, 228 F. Supp.3d 1313, 1322 (S.D. Fla. 2017). Therefore, Evanston must defend Monarch and Boone in the state court action, and Evanston's motion for summary judgment on this issue is denied.

### 2. Duty to Indemnify

The duty to indemnify differs from the duty to defend in a significant way: "While the duty to defend is controlled by the allegations in the complaint against the insured, the duty to indemnify is determined by the underlying facts of the case. This duty is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claim." Mt. Hawley, 228 F. Supp.3d at 1325 (internal citations and quotation marks omitted).

The duty to indemnify is controlled by the actual facts regarding who employed Zachary Roberts. However, that issue is not ripe for review, because the state court action is ongoing and neither Monarch nor Boone's liability has been established. See Delacruz Drywall, 766 Fed. Appx. at 770 (agreeing with the district court that "an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established"). As such, Evanston's motion for summary judgment on this issue is denied.

### B. Broadcast

Evanston argues that Broadcast is not an additional insured under the Policy, and therefore, Evanston has no duty to defend or indemnify Broadcast. As previously stated, the Blanket Additional Insured Endorsement in the Policy provides that an insured includes any organization to which Monarch is "obligated by a valid written contract to provide such

7

coverage." (Doc. No. 1-1, p. 56). Evanston argues that there is no evidence that Monarch was obligated by a valid written contract to provide additional insured coverage for Broadcast.

In response, the Estate points to a contract between Monarch and Broadcast that states the following: "Contracting Parties will comply with the insurance requirements set forth in Schedule 1 attached hereto and incorporated herein by this reference." (Doc. No. 1-1, p. 79). However, neither the Estate nor Evanston has produced Schedule 1, and it may be that Schedule 1 does not exist. Even if Schedule 1 does exist, there is no evidence that Schedule 1 mandates that Monarch provide additional insured coverage for Broadcast.

Thus, there is no evidence before this Court that shows that Monarch was obligated by a valid written contract to provide additional insured coverage for Broadcast. As such, the Court finds that Broadcast is not an additional insured under the Policy. Therefore, the Court agrees with Evanston that it does not have a duty to defend or indemnify Broadcast for the Estate's claims in the state court action, and Evanston is entitled to summary judgment on this issue.

## IV. Remaining Claims

The Court has resolved Evanston's claim in Count III that Broadcast is not an additional insured under the Policy, and therefore, Evanston does not have a duty to defend or indemnify Broadcast for the Estate's claims in the state court action. The Court has also resolved Evanston's claim in Counts I and II that it does, in fact, have a duty to defend Monarch and Boone in the underlying state court action. Finally, with regard to the indemnification declaratory judgment claims in Counts I and II, the Court has stated that whether Evanston has a duty to indemnify Monarch and/or Boone is not ripe for review as their liability has not been established. As such, the Court directs Evanston to file a short brief, not to exceed 7 pages, by

August 20, 2019 addressing why the remaining claims should not be dismissed or the case stayed until the claims against Monarch and Boone are resolved. The Estate may file a response brief, not to exceed 7 pages, by August 27, 2019.

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Summary Judgment (Doc. No. 71) is **GRANTED** to the extent that the Court finds that Broadcast is not an additional insured under the Policy, and therefore, Evanston does not have a duty to defend or indemnify Broadcast for the Estate's claims in the state court action (Count III). Otherwise, the motion is **DENIED**.

(2) Evanston is directed to file a short brief, not to exceed 7 pages, by *August 20, 2019* addressing why the remaining claims should not be dismissed or the case stayed until the claims against Monarch and Boone are resolved. The Estate may file a response brief, not to exceed 7 pages, by *August 27, 2019*.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of August, 2019.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge