UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

    Plaintiff,

v.

Case No. 8:17-cv-2747-T-24 CPT

JACK BOONE, ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration. (Doc. No. 88). Defendant Kyla Roberts opposes the motion. (Doc. No. 92). As explained below, the motion is denied.

## I. Standard of Review

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted).

Plaintiff Evanston Insurance Company ("Evanston") argues that its motion is based on the need to correct clear error and to prevent manifest injustice. However, the Court finds that Plaintiff is merely attempting to refute the basis for the Court's earlier decision. See Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 490 (M.D. Fla. 1999)(stating that a motion to reconsider should not be used to rehash arguments that the Court has already rejected or to attempt to refute the basis for the Court's earlier decision).

**II. Background**

On July 8, 2013, Namon Smith and Zachary Roberts were working on a cell tower. Namon Smith was not properly secured to the cell tower and fell and struck Zachary Roberts, which caused Zachary Roberts to fall over 200 feet to the ground below. Zachary Roberts died from his injuries.

Zachary Roberts is survived by his wife, Kyla Roberts, and she is the personal representative of the Estate of Zachary Roberts. Defendant Kyla Roberts, as personal representative of the Estate of Zachary Roberts (hereinafter referred to as "the Estate"), filed suit in state court against Defendant Monarch Towers, Inc. ("Monarch"), Defendant Jack Boone (an executive officer and/or director of Monarch), Defendant Broadcast Tower Technologies, Inc. ("Broadcast"), and Defendant Southeast Personnel Leasing, Inc. ("SPL").

The Estate asserted vicarious liability and negligence claims against Boone, Monarch, Broadcast, and SPL. Specifically, in the vicarious liability claims asserted in state court, the Estate alleged that Boone, Monarch, Broadcast, and/or SPL employed Namon Smith, and that Smith negligently failed to use reasonable care which caused him to fall and strike Zachary Roberts. In the negligence claims asserted in state court, the Estate alleged that Boone, Monarch, Broadcast, and SPL acted negligently and that their negligence led to Zachary Roberts' fall and death. The Estate also alleged that Zachary Roberts was the employee of Monarch and/or Boone and/or Broadcast and/or SPL at the time of the fall. The state court action is ongoing.

Evanston issued a Commercial General Liability policy ("the CGL Policy") to Monarch. In this federal lawsuit, Evanston seeks a declaration that: (1) there is no coverage for the claims against Monarch, Boone, and Broadcast; (2) Broadcast is not an additional insured; (3) Evanston

2

has no duty to defend Monarch, Boone, and Broadcast in the underlying state court action; and (4) Evanston has no duty to indemnify Monarch, Boone, and Broadcast for any liability assessed in the underlying state court action. Evanston filed a motion for summary judgment on these claims, and the Court found: (1) Evanston has a duty to defend Monarch and Boone in the state court action; (2) whether Evanston has a duty to indemnify Monarch and Boone is not ripe for review, because the Estate's claims against them in the state court action have not yet been resolved; and (3) Broadcast is not an additional insured, and as such, Evanston has no duty to defend or indemnify Broadcast. (Doc. No. 83).

### III. Motion for Reconsideration

In the instant motion, Evanston asks the Court to reconsider two rulings in the summary judgment order. Specifically, Evanston argues that the Court erred in finding that: (1) Evanston has a duty to defend Monarch and Boone in the underlying state court action; and (2) a determination regarding whether Evanston has a duty to indemnify Monarch and Boone is not ripe for review. As explained below, the Court rejects Evanston's arguments of error.

#### A. Duty to Defend

Evanston contends that there is no duty to defend Monarch and Boone in the state court action, because the CGL Policy provides an exclusion from coverage for bodily injury to Monarch's employees and its leased employees. Evanston contends that the evidence before the Court shows that Zachary Roberts was either directly employed by Monarch or was a leased employee of Monarch through SPL.

In the summary judgment order, this Court stated the following regarding an insurer's duty to defend:

> In Florida, the general rule is that an insurance company's duty to
> defend an insured is determined solely from the allegations in the

3

> complaint against the insured, not by the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses. The insurer must provide a defense in the underlying action if the complaint states facts that bring the injury within the policy's coverage. If the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit. The merits of the underlying suit have no bearing on whether the duty is owed. Furthermore, any doubt about the duty to defend must be resolved in favor of the insured.

Trailer Bridge, Inc. v. Illinois Nat. Ins. Co., 657 F.3d 1135, 1141–42 (11th Cir. 2011)(internal citations and quotation marks omitted). Based on the allegations in the state court complaint that Zachary Roberts may have been an employee of SPL and/or Broadcast, this Court found that the employee/leased employee exclusion might not apply, and therefore, Evanston has a duty to defend Monarch and Boone.

Evanston argues the Court's conclusion is erroneous. First, Evanston argues that if Zachary Roberts was employed by SPL, he could have been leased to Monarch and the leased employee exclusion would apply. The Court agrees with that proposition. However, based on the allegations in the state court complaint, it is possible that Zachary Roberts was employed by SPL and not leased to Monarch, and in such a situation, there would be coverage. The Court notes that Evanston relies on substantial evidence that tends to corroborate its theory that Zachary Roberts was employed by SPL and leased to Monarch. However, the actual facts do not control the duty to defend; the allegations in the state court complaint control.

Second, Evanston argues that there is no evidence that Broadcast employed Zachary Roberts. Once again, the Court is bound by the allegations in the state court complaint and not by the actual facts.

This Court acknowledges that there is a limited exception that allows a court to "consider extrinsic facts 'if those facts are undisputed, and, had they been pled in the complaint, they

4

clearly would have placed the claims outside the scope of coverage.'" Addison Ins. Co. v. 4000 Island Boulevard Condominium Assoc., Inc., 721 Fed. Appx. 847, 854 (11th Cir. 2017)(quoting Stephens v. Mid-Continent Cas. Co., 749 F.3d 1318, 1323 (11th Cir. 2014)).  However, in this case, the identity of Zachary Roberts' employer and his employment status is both disputed and has been alleged in the state court complaint, and as such, the limited exception allowing consideration of extrinsic facts does not apply.

The Court also notes Evanston's reliance on Higgins v. State Farm Fire Insurance and Casualty Company, 894 So. 2d 5 (Fla. 2004).  However, Higgins does not hold "that any time an insurer disputes a fact, the insurer is entitled to a determination of such facts . . . particularly where the underlying allegations at issue appear baseless." Addison, 721 Fed. Appx. at 855 (internal quotation marks omitted).  Accordingly, the Court denies Evanston's motion to reconsider the conclusion that Evanston has a duty to defend Monarch and Boone in the state court action.

**B.  Duty to Indemnify**

Next, Evanston challenges this Court's conclusion that a determination regarding whether Evanston has a duty to indemnify Monarch and Boone is not ripe for review.  The Court reached this conclusion because the state court action is ongoing and neither Monarch nor Boone's liability has been established.  See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & stucco, Inc., 766 Fed. Appx. 768, 770 (11th Cir. 2019)(agreeing with the district court that "an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established").

Evanston argues that the Court should determine whether Zachary Roberts was employed by, or leased to, Monarch, which will determine whether Evanston has a duty to indemnify

Monarch and Boone, because these employment issues will not necessarily be resolved in the state court matter. However, the indemnification issue is not ripe in this case, because whether Evanston must indemnify Monarch and/or Boone might never arise; the Estate must succeed on a claim against Monarch and/or Boone (via judgment or settlement) before the issue of indemnity becomes ripe.

Assuming *arguendo* that Evanston is correct that this Court has the discretion to resolve the indemnification issue at this time, the Court declines to exercise its discretion to do so. Accordingly, the Court denies Evanston's motion to reconsider the conclusion that whether Evanston has a duty to indemnify Monarch and Boone is not ripe for review.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 88) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of October, 2019.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record